UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, as subrogee of Mallinckrodt Hospital Products, Inc. and assignee of Savino Del Bene S.p.A. and Savino Del Bene USA, Inc.; and MALLINCKRODT HOSPITAL PRODUCTS, INC., individually and as assignee of Savino Del Bene S.p.A. and Savino Del Bene USA, Inc.,<br><br>      Plaintiffs,<br><br>    - v. -<br><br>ASF INTERMODAL, LLC, and CONTAINERPORT GROUP, INC. as successor in interest of ASF Intermodal, LLC,<br><br>      Defendants. | 20 Civ. 00802 |

## STIPULATED PROTECTIVE ORDER

The parties have produced or intend to produce documents and information in this action that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). The parties agree that good cause exists to protect the confidential nature of the information contained in documents, testimony, and discovery responses. This action concerns corporate entities that directly compete in the marketplace and, therefore, documents and information related to their finances, business strategies, and other confidential business information, including information of a highly sensitive nature. The parties agree that the entry of this Stipulated Protective Order (the "Protective Order") is warranted to protect against public disclosure of such documents and information.

Based upon the stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in discovery in this case, including those materials labeled "Confidential" or "Attorneys' Eyes Only," shall only be used in this proceeding.

2. Use of any information or documents produced by the parties in discovery in this case, including those labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, and all information derived therefrom shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the Party claiming that such information or documents was lawfully obtained through means or sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so. Where it is impractical to designate each page of an electronic document (e.g., where native files are produced), the party shall include the words "Confidential" or "Attorneys Eyes Only" in the file name.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, and the Court authorizes their sealed filing, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
> ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND
> SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN
> THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE

PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY
IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. ~~If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.~~

[Margin note: Any party seeking to file a redacted or sealed document shall follow the procedures in 4.A-B of the Court's Individual Rules and Practices in Civil Cases.]

    5.    Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. ~~If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4.~~ Unless otherwise agreed, all deposition transcripts will be treated as "Attorneys' Eyes Only" until the expiration of the thirty-day period.

    ~~6.~~    ~~"Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in~~

3

~~paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.~~

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action.

    f. The authors and the original recipients of the documents.

    g. Any court reporter or videographer reporting a deposition.

    h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(f), 7(g), and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in Paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as privileged, "Confidential," or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as privileged, "Confidential," or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of privilege or confidentiality would be made by the producing party, but shall instead notify the producing party. Promptly after receiving notice from the producing party of a claim of

privilege or confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as privileged, "Confidential," or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not privileged, confidential, or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as privileged, "Confidential," or "Attorneys' Eyes Only."

14. Upon the request of the producing party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs, not including attorney's fees, of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

KENNEDY LILLIS SCHMIDT & ENGLISH
*Attorneys for Plaintiffs Zurich American Insurance Company and Mallinckrodt Hospital Products, Inc.*

By: *s/ Nathan T. Williams*
    Nathan T. Williams
    75 Maiden Lane, Suite 402
    New York, New York 10038
    Tel: (212) 430-0800

SPECTOR RUBIN
*Attorneys for Defendant Savino del Bene S.p.A. and Savino del Bene USA, Inc.*

By: *s/ Andrew R. Spector*
    Andrew R. Spector
    3250 Mary Street
    Miami, Florida
    Tel: (305) 537-2004

GEORGE W. WRIGHT & ASSOCIATES, LLC
*Attorneys for Defendants ASF Intermodal, LLC and Containerport Group, Inc.*

By: *s/ George W. Wright*
    George W. Wright
    88 Pine Street, 7th Floor
    New York, New York 10005
    Tel: (201) 342-8884

MOSELEY MARCINAK LAW GROUP
*Attorneys for Defendants ASF Intermodal, LLC and Containerport Group, Inc.*

By: *s/ Robert D. Moseley*
    Robert D. Moseley
    (Admitted Pro Hac Vice)
    4324 Wade Hampton Blvd., Suite B
    Taylors, South Carolina
    Tel: (864) 248-6026

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

SO ORDERED:

_____
JOHN P. CRONAN
United States District Judge

Dated: __March 23, 2021_____
New York, New York

## EXHIBIT A

I, _____, have been advised by counsel of record

for _____ in _____

of the protective order governing the delivery, publication, and disclosure of confidential

documents and information produced in this litigation. I have read a copy of the protective order

and agree to abide by its terms.

                                                                                                                                                                                        _____
Signed

                                              _____
Printed Name

                                              _____
Date